## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 124 | **DATE** | 4/1/2012 |
| **CASE TITLE** | Guignard vs. Nat'l Railroad Passenger Corporation | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant Amtrak's motion to transfer venue to the Southern District of California [26]. The Clerk's Office is directed to transfer this case to the Southern District of California. Status hearing set for 4/4/12 is stricken. The referral to Magistrate Judge Cox is hereby closed.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Before the Court is Defendant National Railroad Passenger Corporation's motion to transfer venue to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court grants the motion.

### BACKGROUND

Plaintiff Edward Guignard, a resident of San Diego, California, filed a Complaint against National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak") in the Northern District of Illinois on January 9, 2011. (R. 1, Compl.) In his Complaint, Plaintiff alleges that he was injured while riding as a passenger on an Amtrak train on January 13, 2009, which departed from Union Station in Chicago and was bound for Los Angeles, California. The train allegedly derailed and crashed shortly after departure. (*Id.* ¶¶ 7-11.)

Plaintiff asserts a negligence claim against Amtrak–specifically, he alleges that Amtrak failed to 1) maintain communication between the train engineer and railroad dispatchers, which would have informed the engineer of the need to slow the train, 2) maintain its railroad tracks in a reasonably safe condition, 3) properly equip the rail car, and 4) adequately train its train engineers regarding safe operations of its trains.[1] (*Id.* ¶ 13.) The parties have completed fact discovery and are scheduled to complete expert discovery by April 27, 2012. *See* R. 12, 19.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Although Plaintiff's Complaint alleges only a state law cause of action, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Amtrak is deemed an instrument of the federal government under § 1349. *See Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir. 2003) ("federal courts have [federal question] jurisdiction over all cases involving Amtrak, regardless of the cause of action") (citation omitted).

## LEGAL STANDARD

Pursuant to § 1404(a), a district court may transfer a civil action "'for the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought.'" *Ace Hardware Int'l Holdings, Ltd. v. Masso Expo Corp.*, No. 11-cv-3928, 2011 WL 5077686, at *5 (N.D. Ill. Oct. 25, 2011) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) "'is intended to place discretion in the district court to adjudicate motions for transfer according to a '"case-by-case consideration of convenience and fairness.'"" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)). A transfer under § 1404(a) is appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F. Supp.2d 903, 907 (N.D. Ill. 2009). The moving party bears the burden of establishing these three factors. *See Ace Hardware*, 2011 WL 5099686, at *5 (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) and *Tri3 Enters., LLC v. Aetna, Inc.*, No. 11 C 3253, 2011 WL 2550736, at *1 (N.D. Ill. June 24, 2011)). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219; *see also Research Automation*, 626 F.3d at 977 (Section 1404(a) gives district courts discretion to adjudicate motions to transfer on a case-by-case consideration of convenience and fairness).

## ANALYSIS

The parties agree that venue is appropriate in both the Northern District of Illinois and the Southern District of California (R. 27, Mem. of Law at 2; R. 37, Resp. at 2), so the Court turns to the issue of whether transfer will serve the convenience of the parties and parties and promote the interests of justice. *See Methode Elecs.*, 639 F. Supp. 2d at 907. In making that determination, the Court considers both private and public interests. *Tri3 Enters.*, 2011 WL 2550736, at *1 (citing *Nalco Co. v. Env'tl Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010) and *Methode Elec.*, 639 F. Supp. 2d at 907). The private interest factors include: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties." *Tri3 Enters.*, 2011 WL 2550736, at *1 (citing *Research Automation*, 626 F.3d at 978 and *Nalco*, 694 F. Supp .2d at 998). The public interest factors include the congestions of the respective court dockets, prospects for a speedy trial, the respective desirability of resolving controversies in each locale, and the court's familiarity with the applicable law. *See Research Automation*, 626 F.3d at 978. District courts may make any necessary factual findings when determining venue issues. *See In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008).

### I.     Private Interest Factors

Although a plaintiff's choice of forum generally carries substantial weight in the transfer analysis, "the deference afforded the plaintiff's choice is minimized where the plaintiff does not reside in her chosen forum." *Childress*, 2003 WL 23518380, at *2 (N.D. Ill. Dec. 17, 2003) (citing, among other cases, *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) ("Where ... the plaintiff is not a resident of the forum district, this factor is given no additional weight and is merely another factor to consider along with the others.") (citation omitted)). When the chosen forum is also not the site of material events giving rise to the cause of action, the weight to be given to a plaintiff's choice of forum is further decreased. *Id.*

Because Plaintiff resides within the Southern District of California and not within this District, the Court affords his choice of forum nominal weight. *See id.* Although the some of the events giving rise to the claim (i.e., the train derailment) occurred within the Northern District of Illinois, other events–namely, all of Plaintiff's medical treatment for the injuries he allegedly sustained during the train accident–occurred within the Southern

District of California.  Notably, Amtrak represents to the Court, and Plaintiff does not dispute, that "negligence in this case will not be disputed" and that the only issue for trial is the medical causation and extent of Plaintiff's injuries.  (R. 26, Mot. ¶ 3; R. 39, Reply at 3.)  While both forums have a connection to the facts of this case, it appears from the information before the Court that the Southern District of California has the most significant connection to the material facts that will be at issue during trial–i.e., the causation and extent of Plaintiff's injuries.  Accordingly, Plaintiff's choice of forum is neutral in the transfer analysis.

Amtrak has demonstrated that the convenience of the witnesses and parties factor weighs heavily in its favor.  "The convenience of the witnesses is often considered the most important factor in the transfer balance."  *See Schwarz v. Nat'l Van Lines, Inc*., 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004) (citing *Tingstol Co. v. Rainbow Sales, Inc*., 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998)).  "[T]he convenience of non-party witnesses is more significant than party witnesses because party witnesses normally appear voluntarily."  *Tri3 Enters*., 2011 WL 2550736, at *2 (citations omitted).  All of the non-party witnesses that the parties have identified in this case reside in the Southern District of California, and they are therefore outside of this Court's subpoena power.  *See* Fed. R. Civ. P. 45(c)(3)(a)(ii) (providing that a court must, upon a timely motion, quash a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person").

"[T]he presence of potential nonparty witnesses outside the subpoena power of the court . . . weighs heavily in a transfer decision."  *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993) (citing *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1277 (N.D. Ill. 1991)).  *See also Marberg v. Chancellor*, No. 93 C 6739, 1994 WL 48600, at *3 (N.D. Ill. Feb. 16, 1994) ("[P]resence of third-party witnesses outside the subpoena power of this district is a factor which heavily weighs in favor of transferring the case.").  Courts must also consider the materiality of the testimony the non-party witnesses are expected to provide.  *See FUL Inc*., 839 F. Supp. at 1312 (citations omitted); *see also Schwarz*, 317 F. Supp. 2d at 836 ("To determine the convenience to the witnesses, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.").  "The preference, of course, is for live testimony over deposition testimony" at trial.  *George v. Kraft Foods Global, Inc*., No. 06-cv-798, 2007 WL 853998, at *7 (S.D. Ill. Mar. 16, 2007) (citation omitted).

In this case, Plaintiff has stated that he intends to call only one non-party witness at trial, Dr. Diego Jarrin, who is located in San Diego, California.  Amtrak has identified three additional non-part witnesses whom it may call at trial: Dr. Huu Tam Troung, Dr. Timony O'Neill, and Dr. Samer S. Assaf.  All three reside in San Diego, California, and all three provided medical treatment to Plaintiff.  Amtrak represents, and Plaintiff does not dispute, that Plaintiff's medical providers "may testify as to the nature and extent of plaintiff's injuries and perhaps the causation of plaintiff's claimed injuries."  (R. 26, Mot. ¶ 13(a-d) (detailing the anticipated testimony of each medical provider)).  Such testimony would be directly relevant to the key issues in dispute at trial.  Moreover, neither party identifies any other non-party witnesses who will or may testify at trial.

Amtrak argues, correctly, that this Court's inability to compel the four non-party witnesses at trial weighs heavily in favor of transfer.  Plaintiff responds that should the case proceed to trial, "[a]dvances in technology have made sophisticated video-deposition presentations an acceptable alternative where professional and lay witnesses are unavailable."  (R. 37, Resp. at 5.)  While technological advances certainly have been made, the Seventh Circuit and courts in this district have repeatedly and consistently indicated their preference for live testimony at trial.  *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 308 (7th Cir. 2010) ("courts understandably elect live or even recorded testimony over transcripts read to the jury") (citing cases); *see also Childress*, 2003 WL 23518380, at *3 ("Although it may be possible to secure the testimony of these witnesses through the use of depositions, live testimony is greatly preferred.") (citing cases); *Household Fin. Servs., Inc. v. Prestige Fin. Servs. Corp*., No. 99 C 1756, 1999 WL 608705, at *2 n.8 (N.D. Ill. Aug.6, 1999) ("Live witness

testimony is superior to either printed or taped depositions."); *Sky Valley*, 776 F. Supp. at 1277 ("The interest of justice is better served by ensuring the presence of live witness testimony. It is well settled that the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured.") (citations and internal quotation marks omitted). Because the Court cannot compel any of the parties' non-party witnesses to testify at trial, the convenience factor weighs heavily in favor of transfer.

## II.   Public Interest Factors

Both parties devote very little discussion in their briefs to the public interest factors, perhaps because they are largely neutral. Plaintiff alleges only one claim against Amtrak–negligence–which is not a complex or unsettled area of the law. Therefore, the California federal court's familiarity with the applicable law weighs neither in favor of nor against transfer. *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006) ("Where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts."). The court docket congestion and speedy trial factors, when considered as a whole, weigh only slightly against transfer, given that the median time from filing to trial for a civil case in the Southern District of California is 35.1 months compared to 28.4 months in the Northern District of Illinois.[2] The median time from filing to disposition in a civil case, however, is nominally lengthier in the Northern District of Illinois than in the Southern District of California. *See id.* (6.5 months in the Southern District of California and 6.6 months in the Northern District of Illinois).

The final factor for the Court's consideration is each forum's respective interest in resolving the dispute. Because both Illinois and California have an interest in resolving the controversy in their home forum, this factor is neutral. Amtrak argues that because the Northern District of Illinois has no relation to the litigation, jury duty should not be imposed on the people who live in that District. (R. 27, Mem. of Law at 5.) Amtrak's argument is unconvincing given that the train accident that allegedly caused Plaintiff's injuries occurred within the Northern District of Illinois and involved a corporation operating within that District. Illinois courts have an interest in resolving disputes involving the conduct of corporations that operate within Illinois, but that interest does not outweigh California's interest in resolving disputes of its residents who are tortiously injured. *See, e.g., Mattel, Inc. v. MCA Records, Inc.*, 28 F. Supp.2d 1120, 1129 (C.D. Cal. 1998) ("California maintains a strong interest in providing an effective means of redress for its residents who are tortuously injured.") (citing *Core-Vent v. Nobel Indus.*, 11 F.3d 1482, 1489 (9th Cir. 1993)).

## III.   Transfer Is Warranted In This Case

Because this Court has no ability to compel any of the non-party witnesses in this case to testify at trial, Amtrak has demonstrated that transfer to the Southern District of California, where the non-party witnesses will be subject to the court's subpoena power, is warranted. *See Schwarz*, 317 F. Supp. 2d at 836 ("The convenience of the witnesses is often considered the most important factor in the transfer analysis."); *George*, 2007 WL 853998, at *7 (granting motion to transfer based in part on the court's finding that its inability to compel the attendance of non-party witnesses at trial would prejudice the defendants in the presentation of their case).

## CONCLUSION
For the reasons set forth above, the Court grants Amtrak's motion to transfer venue.

---

[2] *See* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourt ManagementStatistics/2011/District FCMS Profiles September 2011.pdf&page=69 (Southern District of California) and http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics /FederalCourtManagement Statistics/2011/District FCMS Profiles September 2011.pdf&page=47 (Northern District of Illinois).